UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEDDIE L. GRIFFIN,<br><br>            Petitioner,<br><br>        v.<br><br>B. M. TRATE,<br><br>            Respondent. | Case No.: 1:22-cv-01224-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

   Petitioner is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Atwater, California. He filed the instant federal petition on September 26, 2022. Although the petition is on a § 2241 habeas form, Petitioner directs the Court to the attached pleading entitled, "Motion Requesting Nunc Pro Tunc Compassionate Release Under Title 18 U.S.C. § 3582(c)(1)(A)(i) and (B)(2)." Upon review of the pleadings, the Court finds the petition to be successive and lacking in jurisdiction. Therefore, the Court will recommend that the instant petition be DISMISSED.

/////

/////

/////

/////

1

# BACKGROUND[1]

Petitioner and his coconspirators kidnapped an individual at gunpoint and robbed him by forcing him to withdraw money from an ATM. A few weeks later, Petitioner robbed a car-stereo store at gunpoint. Petitioner was indicted and charged in the United States District Court for the Middle District of Florida with one count of carjacking, in violation of 18 U.S.C. § 2119 (Count One); one count of kidnapping, in violation of 18 U.S.C. § 1201 (Count Three); two counts of robbery, in violation of 18 U.S.C. § 1951 (Counts Five and Eight); one count of armed robbery, in violation of 18 U.S.C. § 2113(a), (d), and (e) (Count Six); and four counts of brandishing a firearm in relation to a crime of violence, in violation of § 924(c) (Counts Two, Four, Seven, and Nine). A jury found Petitioner guilty of all nine counts.

Petitioner was sentenced to concurrent terms of imprisonment consisting of 15 years for carjacking, life for kidnapping, 20 years for each of the two counts of robbery, and 25 years for armed robbery. He also received consecutive sentences for each of his four § 924(c) convictions, totaling an additional 82 years' imprisonment. Griffin was sentenced to a total sentence of life plus 82 years' imprisonment.

Petitioner filed a direct appeal, and the Eleventh Circuit affirmed. United States v. Griffin, 380 F. App'x 840 (11th Cir. 2010). In 2011, Griffin filed his first § 2255 motion to vacate. It was unsuccessful.

In 2015, the Supreme Court issued Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In Johnson, the Court held that the so-called residual clause within the definition of the term "violent felony," in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Johnson, 576 U.S. at 606, 135 S.Ct. 2551. A year later, the Supreme Court made clear that Johnson announced a new rule of constitutional law that is

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court hereby takes judicial notice of the Eleventh Circuit Court of Appeals' opinion affirming the sentencing court's denial of Petitioner's second/successive 28 U.S.C. § 2255 motion to vacate his conviction. See Griffin v. United States, 847 Fed.Appx. 752, 753-54 (11th Cir. 2021). The procedural background is taken from the Eleventh Circuit's opinion.

retroactively applicable to cases on collateral review. Welch v. United States, 578 U.S. 120, 127-29 (2016).

After Johnson issued, Petitioner filed an application with the Eleventh Circuit seeking authorization to file a second or successive motion to vacate his § 924(c) convictions. Relying on Johnson, Petitioner contended his § 924(c) convictions were invalid because Johnson's retroactively applicable new rule invalidating § 924(e)'s residual clause, which offered a definition of the term "violent felony," rendered § 924(c)'s similarly worded residual clause, which provided a definition of the term "crime of violence," § 924(c)(3)(B), unconstitutionally vague.

On July 27, 2016, the Eleventh Circuit denied Petitioner's application with respect to his § 924(c) convictions based on robbery and carjacking.  The appellate court explained that even assuming Johnson's new rule meant that § 924(c)'s residual clause was also unconstitutionally vague, those crimes still qualified as "crimes of violence" under § 924(c)'s elements (or use-of-force) clause, § 924(c)(3)(A).  But, "under Johnson," the appellate court granted Petitioner's application challenging his § 924(c) conviction (Count Four) based on his federal kidnapping conviction because we had not yet determined whether federal kidnapping, as defined in 18 U.S.C. § 1201(a), qualified as a "crime of violence" under § 924(c)'s elements clause.

On July 16, 2018, Petitioner filed in the Middle District Florida Court the motion to vacate that the Eleventh Circuit had authorized nearly two years earlier.  He challenged his kidnapping-predicated § 924(c) conviction. Instead of relying solely on Johnson, however, Petitioner contended his kidnapping conviction could no longer serve as a predicate crime of violence under § 924(c) because of Johnson and the Supreme Court's decision in Sessions v. Dimaya, ––– U.S. –––, 138 S. Ct. 1204, 200 L.Ed.2d 549 (2018). Dimaya held the residual clause of 18 U.S.C. § 16, which defined the term "crime of violence" for purposes of the Immigration and Nationality Act, to be unconstitutionally vague, based on a "straightforward application" of Johnson. Dimaya, 138 S. Ct. at 1213.

On October 4, 2018, the Eleventh Circuit held that Johnson and Dimaya did not make § 924(c)'s residual clause unconstitutionally vague. Ovalles v. United States, 905 F.3d 1231, 1233-34 (11th Cir. 2018) (en banc), *abrogated by United States v. Davis*, ––– U.S. –––, 139 S. Ct. 2319, 2324,

204 L.Ed.2d 757 (2019). Relying on Ovalles, the district court denied Petitioner's motion to vacate on January 4, 2019.

Ovalles's holding was short-lived: On June 23, 2019, the Supreme Court held in United States v. Davis, ⸺ U.S. ⸺, 139 S. Ct. 2319, 2336, 204 L.Ed.2d 757 (2019), that § 924(c)'s residual clause is unconstitutionally vague.  Two months later, the Eleventh Circuit granted Petitioner a certificate of appealability on the following issue: "Whether [Petitioner's] 18 U.S.C § 924(c) conviction charged in Count Four of the superseding indictment is valid?"

Two years later, Petitioner filed a § 2255 motion in the sentencing court, arguing that, based on Davis, § 924(c)'s residual clause is unconstitutionally vague, and, as a result his kidnapping-predicated § 924(c) conviction is no longer valid.  See Griffin v. United States, 847 Fed.Appx. 752 (11th Cir. 2021).  The sentencing court denied the motion as untimely.  Petitioner appealed to the Eleventh Circuit.  On March 10, 2021, the Eleventh Circuit affirmed the district court's denial. Id.

On September 16, 2022, Petitioner filed a "Motion Requesting Nunc Pro Tunc Compassionate Release Under Title 18 U.S.C. § 3582(c)(1)(A)(i) and (B)(2)."  See Griffin v. United States, Case No. 8:08-cr-00027-RAL-TGW (M.D. Fla. 2008) (Doc. 215.)  On September 19, 2022, the court denied the motion as follows: "ORDER denying Motion to Reduce Sentence - First Step Act as to Cheddie Lamar Griffin. Defendant is not eligible for a reduction as to Cheddie Lamar Griffin (1) Because the reasons advanced by Defendant for a reduction of his sentence based on compassionate release are not consistent with U.S.S.G.1B1.13, the Court is prohibited from reducing his sentence. See United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021) (holding that "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13.").  Id. (Doc. 216.)

On September 26, 2022, Petitioner filed a "Motion Requesting Nunc Pro Tunc Compassionate Release Under Title 18 U.S.C. § 3582(c)(1)(A)(i) and (B)(2)" in this Court. Aside from the initial form § 2241 petition, the pleading is identical to the motion filed in the sentencing court.

//

//

//

**DISCUSSION**

I.      Successive Petition

As noted above, Petitioner presents the same claims he presented in a prior petition before the sentencing court. Indeed, aside from the initial form petition which directed the Court to the attached pleading, the documents are identical. The sentencing court rendered a decision on the merits on September 19, 2022. Griffin v. United States, Case No. 8:08-cr-00027-RAL-TGW (M.D. Fla. 2008) (Doc. 216).

Claims raised by a state prisoner in a second or successive § 2254 petition that were previously presented in a prior application must be dismissed. 28 U.S.C.A. § 2244(b)(1). This is an absolute bar against raising in a second or successive habeas corpus application a claim that was presented in a prior application. Graham v. Johnson, 168 F.3d 762, 789 (5th Cir. 1999). Petitioner is a federal prisoner, and the Supreme Court has not yet decided whether the second or successive restrictions applicable to federal prisoners (§ 2255(h)) should be interpreted in the same manner as those applicable to state prisoners (§ 2244(b)). Gonzalez v. Crosby, 545 U.S. 524, 530 n.3 (2005) (although § 2255 "is similar to, and refers to, the statutory subsection applicable to second or successive section 2244 petitions, it is not identical").

Although § 2255 does not contain a provision governing "same claim" petitions comparable to § 2244(b)(1) applicable to state prisoners, federal courts have held that "prior application" in § 2244(b)(1) encompasses a prior motion under § 2255. White v. United States, 371 F.3d 900, 901 (7th Cir. 2004) ("It would be odd if Congress had intended that a federal prisoner could refile the same motion over and over again without encountering a bar similar to that of section 2244(b)(1), and we have therefore held that 'prior application' in that section includes a prior motion under section 2255"); see also In re Bradford, 830 F.3d 1273, 1276 (11th Cir. 2016); Green v. United States, 397 F.3d 101, 102 n.1 (2d Cir. 2005) (*per curiam*); Taylor v. Gilkey, 314 F.3d 832, 836 (7th Cir. 2002); Bennett v. United States, 119 F.3d 468 (7th Cir. 1997); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999) (assuming, in dicta, that § 2244(b)(1) is applicable to second or successive § 2255 motions). Because Petitioner has already sought and been denied relief for his claims in a prior petition, the instant petition should be dismissed as successive.

## II.     Lack of Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that this is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy, and the petitioner may proceed under Section 2241 when the petitioner: (1) makes a claim of actual

innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

Here, Petitioner fails to satisfy the savings clause because he fails to demonstrate that he has never had an unobstructed procedural opportunity to present his claim.  In fact, as previously discussed, Petitioner has presented the identical claims to the sentencing court where they were denied on the merits.  Pursuant to § 2255(e), the petition for writ of habeas corpus should be dismissed for lack of jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as successive and for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __October 4, 2022__                    __/s/ Sheila K. Oberto__
                                              UNITED STATES MAGISTRATE JUDGE